1
2
3
4          **UNITED STATES DISTRICT COURT**
5        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
6
7    PROGRESO PRODUCE LTD 1 LP, et al.,          CASE NO. 2:08-cv-04520-MMM(AJWx)
8                  Plaintiffs,
9           v.                                   **INJUNCTION ESTABLISHING PACA
                                                 TRUST CLAIMS PROCEDURE**
10   TRITON IMPORTS, etc., et al.,
11
12                Defendants.
13
14          WHEREAS, on July 10, 2008, Plaintiffs Progreso Produce Ltd 1 LP and Pacific West
15   Marketing, Inc. ("Plaintiffs") commenced the instant action against Defendants Triton Imports
16   d/b/a Triton International ("Triton" or "Defendant") and its principals, Maria Hall and Alex Hall
17   ("Principals"), to enforce the trust provisions of Section 5 of the Perishable Agricultural
18   Commodities Act, 7 U.S.C. §499e(c) ("PACA").
19
20          WHEREAS, Plaintiffs also named Banco Popular North America ("Bank") as a
21   defendant to the action, as the Bank may be in possession of PACA trust funds that belong to
22   beneficiaries of PACA trust funds.
23
24          WHEREAS, on September 26, 2008, and October 14, 2008, respectively, Intervenor
25   Plaintiffs Del Monte Fresh Produce N.A., Inc. and Unified, Ltd. d/b/a Pan American Banana
26   (collectively, "Intervenor Plaintiffs") filed their Complaints in Intervention against Triton and the
27   Principals.
28

WHEREAS, the trust provisions of PACA establish a statutory, nonsegregated trust under which Defendant Triton is required to hold all trust assets including inventory, proceeds, and accounts receivable in trust for qualified beneficiaries until full payment is made. [7 U.S.C. §499(e)(c)2].

WHEREAS, Triton, despite receiving proper service of process, and despite having knowledge of this action, has not retained counsel and has been defaulted.

WHEREAS, counsel for Plaintiffs, Intervening Plaintiffs and the Bank (the "Parties") have conferred and reached an agreement regarding the terms of this Injunction and PACA Claims Procedure (the "Order"), and have filed a Stipulation to entry of the Order, which provides that counsel for each party consents to the terms and conditions of the Order;

WHERAS, the Parties agree that it is in their best interests to establish an orderly liquidation of Triton's remaining assets, collect outstanding accounts receivable, identify and establish the nature of these assets, satisfy certain claims which are subject to PACA, and determine to whom the assets must be distributed.

WHEREAS, the Parties have filed a Stipulation, wherein they stipulate as follows:

1.      Plaintiffs, Intervening Plaintiffs and other similarly situated unpaid suppliers of produce may be entitled to a beneficial interest in the single pool of Triton's PACA trust assets that include, without limitation, inventory of perishable agricultural commodities, inventory of food or products derived from produce, accounts receivable or proceeds from the sale of such commodities or products, cash, and other assets, produce related or not, commingled with proceeds of such commodities or products ("PACA Trust Assets").  Plaintiffs and Intervening Plaintiffs reserve the right to assert that Triton's other assets, including without limitation, furniture, fixtures, equipment, vehicles, leases and leasehold improvements (the "FF&E") should

be considered or deemed to be included within the definition of PACA Trust Assets.  Plaintiffs and Intervening Plaintiffs also reserve the right to pursue deficiency claims, if any, against the Principals and other potential transferees of PACA Trust Assets.

2.      The Bank reserves all rights regarding the amount, validity and PACA trust status of the claims of Plaintiffs and Intervening Plaintiffs or any other similarly situated PACA trust beneficiary who joins this action, as well as all legal and equitable defenses available with respect to claims asserted in this case.  The Bank further reserves the right to challenge whether any assets of Triton are PACA Trust Assets, whether the other assets of Triton are subject to the claimed PACA trust, and also reserves the right to establish and enforce its security interests in Triton's assets as having priority to any claimed PACA liens.

3.      The Parties agree that the Order is reasonable and necessary to provide a procedural framework for the orderly liquidation of Triton's PACA Trust Assets and to review, qualify and satisfy any and all claims against the Assets, to maximize the recovery for all unpaid beneficiaries of the PACA trust, and to ensure the rights of all potential claimants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions to enforce Triton's obligations to all potential PACA trust beneficiaries.

Based on the foregoing, **IT IS HEREBY ORDERED**, as follows:

**I.      CONSENT INJUNCTION**

1.      Pursuant to Fed. R. Civ. P. 65, this Order is binding upon the Parties, their officers, agents, employees, banks, or attorneys and all other persons or entities who receive actual notice of the entry of this Order.  In this regard, the Bank is hereby directed to serve a copy of this Order on all financial institutions and/or account receivable debtors of Triton with which Triton does any business, or who may be holding any assets for or on behalf of Triton.

Triton, its agents, employees, officers, directors, and representatives are restrained and enjoined from hypothecating, transferring or dissipating any Assets or withdrawing funds from the PACA Trust Account, as defined below, except as set forth in this Order.

2.      Due to the agreement reached between the Parties, and in recognition of the fact Triton is currently in possession of the PACA Trust Assets at issue, and considering the remedial nature of PACA, the Court hereby finds good cause to set the bond in this matter at $0.00.

## II.    ESTABLISHMENT OF PACA TRUST ACCOUNT

3.      Triton and/or its Principals shall provide a detailed listing of all outstanding accounts receivable (the "Receivables"), accounts payable and all other assets held in Triton's name and in their possession to the signatories of this Order within three (3) business days of the date of this Order.  Because Triton has not appeared in this matter, and because the books and records of Triton are in disarray,  Bank has voluntarily served subpoenas on all currently known account receivable debtors of Triton seeking production of invoices issued by Triton to said debtors, as well as evidence of payments made to Triton or any other person or entity on said invoices.  Bank will, once responses to the subpoenas are received, prepare an accounting of the responses and attempt to establish what funds are still owed, what funds were paid over and to whom, and what funds were for payment of PACA products as opposed to non-PACA products or services rendered by Triton.  This accounting shall be filed with the Court and served on the Parties.

4.      The Bank is hereby directed to, within three (3) business days of the date of this Order, open an interest bearing account under the name of "Triton PACA Trust Account," (the "PACA Trust Account").  Signatories shall be counsel for Intervening Plaintiff Del Monte Fresh

Produce N.A., Inc. and counsel for the Bank, each of whom shall receive copies of the monthly statements.  The Bank shall file the monthly bank statements with the Court upon receipt.

5.     No distributions or withdrawals may be made from the PACA Trust Account, except as authorized in this Order or by further order of this Court.  The PACA Trust Account is not subject to execution by any other creditor of Triton.

6.     Immediately upon opening the PACA Trust Account, Triton and/or its Principals shall transfer any and all sums held in Triton's name and in their possession, or otherwise derived from the Assets, into the PACA Trust Account and shall continue depositing all Assets recovered into this account.  Bank will serve an Order from this Court directing all account receivable debtors who are currently holding funds owed to Triton to submit said funds, together with copies of the invoices which are being paid, to counsel for Bank.  Counsel for Bank shall cause said funds to be deposited into the PACA Trust Account and provide copies of all deposits made to all Parties herein.  Upon request by one or more of the Parties, Counsel for Bank shall provide an account statement showing all funds received to date and the current balance of the PACA Trust Account.

7.     Any and all interest which accrues on the funds in the PACA Trust Account from the date the account was opened to the date of distribution, shall follow the funds into the hands of the creditor ultimately deemed entitled to such funds.

III.     **LIQUIDATION OF THE ASSETS**

8.     The Bank shall promptly and aggressively liquidate any and all Receivables or other debts owed to Triton, through any reasonable means, and shall deposit all proceeds into the PACA Trust Account.  Any proposed settlement and collection of a disputed Receivable may be discounted up to 15% without further notice.  Any higher discount must be noticed via facsimile

or email to the signatories to this Order who shall be given three (3) business days to object. Absent any objection, the settlement can be consummated as proposed.

9.    Triton and/or its Principals and/or the Parties may liquidate any and all of Triton's FF&E, if any, through any reasonable means, and deposit the gross proceeds of any such sale of assets into the PACA Trust Account.  Any proposed sale of assets involving a sale price of $10,000.00 or more shall be noticed via facsimile or email to the signatories of this Order who shall be given three (3) days to object.  Absent any objection, the deal can be consummated as proposed.  An auction of Triton's assets is contemplated.  Notice of such shall be given via facsimile or email to the signatories of this Order.

10.    Triton and/or its Principals and/or the Parties shall maintain the integrity and security of Triton's financial records including accounts payable and receivable.  Upon written request, during normal business hours, Triton shall produce or allow inspection of such records in their possession that are reasonably necessary to enforce this Order including without limitation, books and records, invoices, credit memos, accounts receivable ledgers, insurance policies, inventory lists, accounts payable lists, customer lists, and invoices from vendors.

## IV.    PACA CLAIMS PROCEDURE

11.    Triton and/or its Principals shall, within three (3) business days from the date of this order, provide counsel for Del Monte and the Bank with detailed listings of all outstanding accounts payable and receivable in their possession, which shall specifically include the full name, address and account balance.

12.    Counsel for Del Monte shall then, within ten (10) business days from the date of this Order, issue a written notice ("the Notice"), in a form similar to that attached hereto as Exhibit A, to each and every entity, or to their counsel of record, on Triton's listing of accounts

payable.  Such written Notice shall be sent via certified mail with return receipt requested, or any equally verifiable means to prove delivery upon the recipient.  All persons or entities claiming to be PACA trust beneficiaries of Triton are <u>hereby granted leave to intervene</u>, without further notice or motion and once having intervened and filed a Proof of Claim, each such entity shall be bound by all Orders entered in this case.  Any Complaints in Intervention in which Bank is a named defendant shall be deemed answered based upon the answer to such complaints already filed by Bank in this action.

13.   The following schedule of deadlines shall apply:

**Complaint in Intervention/Proof of Claim** .................................. **03/13/09**

**Objections** ...................................................................... **03/27/09**

**Responses to Objections** .............................................. **04/10/09**

**PACA Trust Chart** ........................................................ **04/17/09**

**Objections to PACA Trust Chart** .................................. **04/24/09**

**Interim Pro-Rata Distribution** ........................................ **05/01/09**

14.   Each unpaid supplier of Produce to Triton holding a claim for nonpayment for produce and alleging rights under the PACA Trust, shall file with the Clerk of the Court for this District, and serve the signatories to this Order, on or before the Proof of Claim deadline, a completed PACA Proof of Claim in a form similar to that attached to this Order as Exhibit B together with any and all documents supporting its claim **and** a Complaint in Intervention which complies with Federal Rule of Civil Procedure 8(a).

15.   Any supplier or creditor who fails to timely file such PACA Proof of Claim **and** Complaint in Intervention with the Court and serve the signatories to this Order, shall be forever barred from thereafter asserting any claim against Triton, its Principals, officers, directors, or employees and the Parties, whether in this Court or any other forum, and from participating in

any distribution in this action.  Each PACA Proof of Claim must be verified by either the owners or an authorized employee of the respective claimants having personal knowledge of the facts comprising such claims.

16.     Any party wishing to review or copy any documents may make arrangements with the Clerk of the Court or counsel to view the documents, or arrange for copying at the requesting party's expense.

17.     Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all counsel of record as well as the PACA claimant whose claim is the subject of the Objection.  Any and all such objections must be filed and served on or before the "Objection Deadline."  The Objection must set forth in detail the legal and factual basis for the objection to each invoice subject to the objection.

18.     On or before the "Response Deadline," any PACA claimant whose claim is subject to an objection may file with the Court a detailed response to any objection received, and serve all counsel of record.  A claim will be disallowed if an objection was timely filed and the claimant fails to file a timely response.

19.     Any PACA claim, or portion thereof, to which no objection has been filed and served prior to the Objection Deadline, shall be deemed a valid PACA trust claim for the non-objected to amount stated in the PACA Proof of Claim.

20.     The claimant and objecting party shall thereafter exercise best efforts to resolve any Objections.  In the event the claimant and the objecting party are unable to resolve such dispute or the objection is not withdrawn, counsel for Del Monte shall file a motion for determination of the validity of the disputed claims.

21.     On or before the "Deadline to File PACA Trust Chart," counsel for Del Monte shall prepare, file with the Court and serve upon all counsel of record that filed a PACA Proof of Claim, a chart listing each person or entity having filed a verified PACA Proof of Claim, the amount of its claim as set forth on the Proof of Claim, the amount which is deemed valid due to no objections being filed, the amount which is deemed invalid due to no response on the objection being filed, the amount, if any, subject to a pending objection and the amount of any objection that was resolved by settlement (the "PACA Trust Chart").  The PACA Trust Chart must also list the funds available for an immediate distribution equal to ninety percent (90%) of the funds on deposit at the time in the PACA Trust Account ("Available Funds").  The PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed and disputed claims.

22.     Parties have until the "Deadline to Object to PACA Trust Chart" to file and serve on all counsel of record objections to the PACA Trust Chart.  The mere objection to the characterization of a claim as disputed or undisputed will not serve as valid objection to the PACA Trust Chart or prevent distribution according to its terms.  Absent valid objections, counsel for Del Monte shall, and is hereby authorized to, instruct the Bank to make an interim distribution of the Available Funds on or before the "Interim Distribution Deadline" to be paid pro-rata to the holders of valid claims listed on the PACA Trust Chart.  Counsel for Del Monte shall instruct the Bank to make the distribution payable to the client trust account of the claimant's attorney of record, or if there is no attorney of record, to the claimant.  If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions.  Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart.  The pro-rata

portion of disputed claims will be held in the PACA Trust Account until such time as the objections to such claims are resolved, in which case the reserve portion is either used to make the pro-rata distribution to the claim if the Claimant prevails, or is made available for distribution to other valid claims if the objecting party prevails.  Any timely valid objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling.

23.    In order to ensure all trust beneficiaries share in the costs and expenses incurred in enforcing the Defendants' obligations under PACA on the same pro-rata basis as they are accepting the benefits of such actions, including the prospective fees and costs of marshalling the PACA trust assets for their direct benefit, counsel for Del Monte and the Bank shall include their fees and costs as a separate line item in the PACA Trust Chart and the Court shall resolve any qualified PACA trust beneficiary's objection made within ten (10) days to such fees and expenses.

24.    Any and all other lawsuits and legal proceedings, against the Defendants, including reparation actions filed with the United States Department of Agriculture, are hereby barred.  All pending administrative actions are stayed.  Triton shall also notify any courts where actions are pending of the entry and terms of this Order.

25.    This Court shall exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established pursuant to this Order.  The Court also hereby retains jurisdiction to enter further Orders to enforce the terms of this PACA Claims Procedure.

IT IS SO ORDERED.


February 4, 2009                             _____
Date                                         MARGARET MORROW
                                             United States District Judge

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROGRESO PRODUCE LTD 1 LP, et al., | CASE NO. 2:08-cv-04520-MMM-AJW |
| Plaintiffs, | |
| v. | **NOTICE OF PROCEDURE TO DETERMINE VALID PACA TRUST CLAIMS** |
| TRITON IMPORTS, etc., et al., | |
| Defendants. | |

**TO:    THE CREDITORS OF TRITON IMPORTS D/B/A TRITON INTERNATIONAL**

1.    On _____, 2009, the United States District Court for the Central District of California entered a Consent Injunction and Agreed Order Establishing PACA Trust Claims Procedure to govern the orderly presentation and determination of potential trust claims against Triton Imports d/b/a Triton International ("Defendant") pursuant to the Perishable Agricultural Commodities Act of 1930, as Amended ("PACA"), 7 U.S.C. §499 *et seq*.

2.    Any PACA trust creditor having a claim against Defendant for unpaid produce invoices and wishing to participate in the distribution of the common fund of assets **must subject itself to the jurisdiction of the Court by filing a Complaint in Intervention which complies with the Federal Rules of Civil Procedure and Local Rules and also complete the PACA Proof of Claim ("Proof of Claim") included herewith, on or before the March 13, 2009 filing deadline,** attaching copies of all documents it intends to rely upon at trial to prove its perfected status as a PACA trust creditor and serve the Complaint in Intervention and Proof of Claim and supporting documents as required in Paragraphs 3 and 4, below.

3.     The original Complaint in Intervention <u>and</u> completed Proof of Claim must be filed with the Clerk's office, United States District Court, Central District of California.

4.     Each prospective PACA trust creditor must <u>also</u> serve a copy of the aforesaid pleadings with all supporting documents upon the following counsel:

| | |
|---|---|
| DEVIN J. ODDO<br>MARTYN AND ASSOCIATES<br>820 Superior Avenue, N.W., Tenth Floor<br>Cleveland, Ohio  44113<br>(216) 861-4700 – telephone<br>(216) 861-4703 – facsimile<br>djoddo@martynlawfirm.com<br><br>Attorney for Intervening Plaintiff Del Monte<br>Fresh Produce N.A., Inc. | ALAN L. ROSEN<br>ROSEN AND LOEB<br>2659 Townsgate Road, Suite 136<br>Westlake Village, California  91361<br>(805) 777-0066 – telephone<br>(805) 777-7654 – facsimile<br>alanlrosen@hotmail.com<br><br>Attorney for Plaintiffs Progreso Produce Ltd 1<br>LP and Pacific West Marketing, Inc. |
| KATE ELLIS, ESQ.<br>MCCARRON & DIESS<br>4900 Massachusetts Avenue, N.W., Suite 310<br>Washington, D.C.  20016<br>(202) 364-0400 – telephone<br>(202) 364-2731 – facsimile<br>kellis@mccarronlaw.com<br><br>Attorney for Intervening Plaintiff Unified,<br>Ltd. d/b/a Pan American Banana | SUSAN L. VAAGE<br>GRAHAM VAAGE LLP<br>500 North Brand Blvd., Suite 1030<br>Glendale, California  91203<br>(818) 547-4800 – telephone<br>(818) 547-3100 – facsimile<br>svaage@grahamvaagelaw.com<br><br>Attorney for Defendant/Cross-Claimant Banco<br>Popular North America |
| DOUGLAS B. KERR<br>LAW OFFICE OF DOUGLAS B. KERR<br>62 Racing Wind, Suite B<br>Irvine, CA 92614<br>(949) 733-0904 – telephone<br>(714) 200-0123 – facsimile<br>dkerr@cox.net<br><br>Attorney for Proposed Intervening Plaintiffs<br>Youngstown Grape Distributors, Inc., New<br>Harvest Organics, LLC, Great West Produce<br>Co., Inc., Prima Agrotrading, S.A., Best<br>Oriental Produce, Inc., and Agricola Los<br>Medanos, Congelasdos Ecuatorianos, S.A. | JONATHAN BARRY SEXTON<br>PAUL R. ROPER, P.C.<br>987 N Enterprise St<br>Orange, CA 92867<br>(714) 633-5300 – telephone<br>(714) 464-5442 – facsimile<br>barrys@theroperfirm.com<br><br>Attorney for Defendants Alex Hall and Maria<br>Hall |

Complaints in Intervention and Proofs of Claim not timely filed, and any documents relied upon by a PACA trust creditor to support its claim which are not timely filed in accordance with this Notice, shall be inadmissible at any evidentiary hearing or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA trust creditor to rebut an objection to its claim.

5.      Any PACA trust creditor wishing to review or copy any documents may make arrangements with either counsel listed in Paragraph 4, above, to view the documents, or to request copies of certain documents at the requesting party's expense.

6.      Counsel listed in paragraph 4, above, will review all Proofs of Claim filed and served and any party may prepare Objections to those Proofs of Claim which are legally and/or factually defective and file said Objections before the <u>March 27, 2009</u> deadline.

7.      Any PACA trust creditor whose Proof of Claim is objected to shall have until <u>April 10, 2009</u> to file a Response with the Court and serve a copy of the Response upon counsel listed in Paragraph 4.

8.      Counsel for the disputing parties shall utilize best efforts to resolve the Objection, otherwise the Court may schedule an evidentiary hearing to resolve the Objection.

9.      Any Proof of Claim or portion thereof to which no Objection has been filed shall be deemed a valid PACA trust claim for the non-objected to amount stated in the Proof of Claim. Claimants who receive an Objection and do not timely respond will be eliminated and will not receive a distribution on the objected portion of their claim.

10.      Any non-party putative PACA trust creditor who fails to properly file and serve a Proof of Claim shall be <u>forever barred</u> from participating in any distribution in this action and

from asserting any claim against the Defendants, Plaintiff, joining PACA trust creditors, or any of them.

11.     Pursuant to Court Order, all other legal/administrative actions commenced by creditors against the Defendant are herewith barred and/or stayed in all courts and forums pending further Order of this Court.

12.     Please do not disregard this Notice.  This will be the only Notice you will receive to join this lawsuit.  Once again, the filing deadline is **March 13, 2009**.

13.     Please do not contact the Clerk's office or the Judge's Chambers as they will be unable to assist you.

Dated:   February ___, 2009

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROGRESO PRODUCE LTD 1 LP, et al., | CASE NO. 2:08-cv-04520-MMM-AJW |
| Plaintiffs, | |
| v. | |
| TRITON IMPORTS, etc., et al., | |
| Defendants. | |

**PACA PROOF OF CLAIM OF** _____

    1.      I, _____ of _____,

hereinafter referred to as "Claimant", hereby file this Proof of Claim and declare under penalty

of perjury that the following are true statements and the attached documents are true and correct

copies of original documents, which are filed with this Declaration for the purpose of supporting

Claimant's PACA claim as a beneficiary of the trust created against Triton Imports d/b/a Triton

International (the "Debtor"), pursuant to §499e(c) of the Perishable Agricultural Commodities

Act, 7 U.S.C. §§499a-499q, as amended 1984 (the "PACA") and the Regulations the Secretary

of the United States Department of Agriculture ("USDA") promulgated to implement the PACA,

7 C.F.R. §§46-48 (1987), and I am authorized to make this Proof of Claim and am competent to

testify regarding the statements made in this Proof of Claim.

    2.      The sales transactions between Claimant and Debtor were based on the following

payment term:

            { }      Payment was due within ten (10) days after the day on which the produce was accepted as provided for in the PACA Regulations, 7 C.F.R. §46.2(aa)(5).

**_or_**

{ }   On _____ day written payment terms from the date of (shipment, invoice, delivery, acceptance).  True and accurate copies of the written agreement providing for such payment terms are attached to this Proof of Claim as Exhibit "___".

3.   Claimant sold perishable agricultural commodities ("produce") to Debtor as described in the chart attached to this Proof of Claim as Exhibit "___".  In each instance, the Debtor received and accepted the produce.  No adjustments or payments have been made on each invoice amount except as listed.  This chart uses the following terms which shall have the described meaning:

A.   "**Invoice Number**" refers to the number under which Claimant sold the commodity to the Debtor.

B.   "**Date of Transaction**" refers to the date which begins the payment term between the Claimant and the Debtor.  (For example:  if the payment term is the regulatory ten (10) days from acceptance term, the date would be the date the Debtor accepted the produce; if the payment term is a written twenty-one (21) days from shipment, the date would be the date of shipment.)

C.   "**Payment Due Date**" refers to the date payment was due based upon the payment term between the Claimant and the Debtor.

D.   "**Invoice Amount**" refers to the amount owed and remaining unpaid on the particular invoice.

E.   "**Trust Amount**" refers to amount of invoice with a valid PACA Trust claim.

4.   True and accurate copies of all trust notices, where necessary, are attached as Exhibit "___"; copies of all unpaid invoices are attached as Exhibit(s) "_____".

5.   On _____, 20____, the invoice(s) attached as Exhibit(s) "_____" were sent to the Debtor, by placing a true and correct copy in an envelope addressed to _____ and depositing same, with

postage prepaid, in the United States Mail at _____ (City), _____ (State)

on the date of each invoice.  The invoice(s) complied with 7 U.S.C. §499e(c)(4) as each included

the statutorily mandated language of that section on the face of the invoice/statement and served

as notice of intent to preserve the benefits of the PACA trust.

**or**

5.      On _____, 20____, I sent the trust notice(s) attached as Exhibit(s)

"_____" to the Debtor, by placing a true and correct copy in an envelope addressed to:

_____ and depositing same, with

postage prepaid, in the United States Mail at _____ (City), _____ (State).

A true and accurate copy of the document evidencing sending of such notice to Debtor is

attached as Exhibit(s) "_____".

**or**

5.      On _____, 20____, I sent via facsimile number _____,

the trust notice(s) attached as Exhibit(s) "_____" to Debtor.  A true and accurate copy of the

document evidencing sending of such notices(s) to Debtor is attached as Exhibit(s) "_____".


**Please note: You must complete Paragraph 5 for each trust notice or invoice that was
either mailed or faxed.**

6.      The total amount past due and unpaid from Debtor totals $_____,

of which the amount of $_____ qualifies for PACA trust protection.

7.      The Claimant provides the following additional information and documents it

believes may be necessary and helpful for the just determination of its claim.  (Attach anything

else you would like to place before the Court and intend to introduce at trial in connection with proving your claim as a PACA trust beneficiary.)

**I declare the above statement to be true and correct under penalty of perjury as set forth in 28 U.S.C. §1746.**

Dated this _____ day of _____, 2009.

Signature: _____

Print name: _____

Print title: _____

| INVOICE NUMBER | INVOICE DATE | DUE DATE | DATE NOTICE FILED (IF APPLIES) | ELAPSED DAYS (IF APPLIES) | INVOICE AMOUNT DUE | PACA TRUST AMOUNT |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| TOTALS | | | | | | |